**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) ) ) | CIVIL ACTION NO. 1:11-cv-00179-LG-RHW |
| v. | ) ) | |
| SIGNAL INTERNATIONAL, LLC, | ) ) | |
| Defendant. | ) / | |

<u>**PUTATIVE PLAINTIFFS-INTERVENORS' MEMORANDUM OF LAW**</u>

<u>**IN SUPPORT OF MOTION TO INTERVENE**</u>

Proposed Plaintiff-Intervenors Sabulal Vijayan, Jacob Joseph Kadakkarappally, and Kurian David ("Plaintiff-Intervenors") now move this Court under Fed. R. Civ. P. 24(a) for leave to intervene in the above-captioned action as party plaintiffs. This motion is brought in order that the aggrieved party may assert the claims set forth in the attached proposed Class Complaint in Intervention.

1

I.     **Introductory Statement and Statement of Facts**

Plaintiff-Intervenors seek leave of this Court to file a Complaint in Intervention in order to participate in the original action the Equal Employment Opportunity Commission ("EEOC") filed against Defendant Signal International, LLC ("Signal") on April 6, 2011. EEOC v. Signal Int'l, LLC, No. 1:11-cv-00179-LG-RHW.

The EEOC is the federal agency charged by Congress with the interpretation, administration and enforcement of a number of federal statutes banning employment discrimination, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. (hereafter "Title VII"). In this capacity the EEOC filed a complaint against Defendant Signal alleging unlawful employment practices in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) and 2000e-3(a), stemming from the charges of discrimination filed with the EEOC by Plaintiff-Intervenors Sabulal Vijayan and Jacob Joseph Kadakkarappally on behalf of themselves and others similarly situated. This action is currently pending before this Court.

In this case, the EEOC allege that Signal discriminated against Plaintiff-Intervenors Vijayan and Kadakkarappally and other similarly situated workers on the basis of race and national origin in violation of Title VII. The EEOC also alleges that Signal retaliated against Plaintiff-Intervenors Vijayan and Kadakkarappally. The lawsuit was filed on April 20, 2011 by the Commission. As such, the present procedural posture of the case is that the Defendant has not yet answered the complaint, no discovery has been propounded, no mutual voluntary disclosures have been made nor has a trial date been set by the Court. Thus, the Plaintiff-Intervenors believe, for the reasons outlined below, that their participation in this lawsuit should be allowed.

II.     ARGUMENT

    A.     The Proposed Plaintiff-Intervenors May Intervene as a Matter of Right

Pursuant to Fed. R. Civ. P. 24(a), the Plaintiff-Intervenors must be permitted as a matter of right to intervene in the above-captioned lawsuit. Rule 24(a) states in relevant part that

> [o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Id.

    1.     **Federal Statutory Unconditional Right to Intervene.**

It must therefore first be considered whether Title VII of the Civil Rights Act confers an "unconditional right to intervene," Fed. R. Civ. P. 24(a), on an employee aggrieved by the alleged employment discrimination. As noted by this Court, the U.S. Court of Appeals for the Fifth Circuit "has suggested as much." EEOC v. U-Haul Int'l, Inc., No 3:06CV516WA, 2006 U.S. Dist. LEXIS 88111, at *2-3 (S.D. Miss. Dec. 5, 2006) (citing EEOC v. Wackenhut Corp., 939 F.2d 241, 243 n.5 (5th Cir. 1991); see also EEOC v. Odyssey Healthcare, Inc., No. SA-09-CV-796-XR, 2009 U.S. Dist. LEXIS 118362, at *2-3 (W.D. Tex. Dec. 18, 2009) (Title VII confers an unconditional right to intervene); EEOC v. Horsetraders, Inc., No. 9:05CV193, 2005 U.S. Dist. LEXIS 31793, at *3-4 (E.D. Tex. Nov. 23, 2005) (same); 42 U.S.C. § 2000e-5(f)(1) (setting forth right to intervene in EEOC Title VII actions). Because this right exists, the Plaintiff-Intervenors must be permitted to participate in this action.

    2.     **Intervention to Protect Interests**

Still, even absent an unconditional statutory right to intervene, Fed. R. Civ. P. 24(a)(2) provides a separate basis for intervention as a matter of right where the prospective "Intervenors'

interests are not adequately represented by the existing parties" in the litigation.[1]  EEOC v. Allied Aviation Serv., No. 3:05-CV-1379-L, 2006 U.S. Dist. LEXIS 35657, at *4 (N.D. Tex. May 31, 2006).  The EEOC enforces the anti-employment discrimination laws of our country.  See 42 U.S.C. § 2000e-5.  The EEOC's jurisdiction is limited in scope.  Id.  Thus, Title VII "clearly makes the EEOC the master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake."  EEOC v. Waffle House, Inc., 534 U.S. 279, 291 (2002).  The EEOC's evaluation of the public's interest extends so far as to allow it to "pursue a claim on the employee's behalf even after the employee has disavowed any desire to seek relief."  Id.  In the instant case, the proposed Plaintiff-Intervenors "have separate claims for damages, and their interests cannot be represented by the EEOC without their intervention."  Allied Aviation Serv., 2006 U.S. Dist. LEXIS 35657 at *4; cf. EEOC v. Commercial Coating Serv., 220 F.R.D. at 303 n.3 (*dicta* suggesting that "[t]he disposition of the EEOC's claims might impair or impede [the aggrieved employee's] ability to protect his interests in his own claims, because of collateral estoppel.").  The EEOC's litigation of the case may take the interests of the charging parties into consideration, but it does not represent them in the lawsuit.  See Gen. Tel. of NW v. EEOC, 446 U.S. 318, 326 (1980).  Therefore, because EEOC's mandate to litigate in the public's interest potentially diverges from the proposed Plaintiff-Intervenors' interest in seeking damages for themselves arising out of Defendant's discriminatory conduct, Rule 24(a)(2) allows for intervention as a matter of right.

---

[1] The "transaction" at issue in the EEOC's action is the Plaintiff-Intervener's employment with Defendant Signal.  See, e.g., EEOC v. Commercial Coating Serv., 220 F.R.D. 300, 303 n.3 (S.D. Tex. 2004) (*dicta*: employment may be considered a "transaction" under Rule 24(a)(2)).

4

### B. The Proposed Plaintiff-Intervenors Meet the Requirements for Permissive Intervention

The Plaintiff-Intervenors also are entitled to permissive intervention in the EEOC's action. Fed. R. Civ. P. 24(b)(2) permits intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Id. The bulk of Plaintiff-Intervenors' Title VII claims – certainly far more than the single common claim required by Rule 24(b)(2) – rely on law and facts virtually identical to the EEOC's claims. Compare Proposed Compl. in Interv. ("Coml. Interv.") at ¶¶ 34-66, 78-84, 86-87(b), 88-98 with Compl. and Jury Trial Demand ("Compl") (Rec. Doc. 1) at ¶¶ 8-63. For these reasons, permissive intervention by the proposed Plaintiff-Intervenors is appropriate in the instant action.

### C. The Proposed Plaintiff-Intervenors' Motion Seeking Intervention Is Timely

For both intervention as a matter of right and permissive intervention, the first factor that this court must consider is whether this motion to intervene is timely. See Fed. R. Civ. P. 24(a) and (b). "In order to determine whether the motion to intervene is timely, the court considers the length of time between the intervenor's learning of his interest and filing, the prejudice to the defendant from intervention, the prejudice to the intervenor from a denial of intervention, and any unusual circumstances." Odyssey Healthcare, 2009 U.S. Dist. LEXIS 118362 at *3-4 (citing In re Lease Oil Antitrust Litigation, 570 F.3d 244, 247-48 (5th Cir. 2009)). Intervention is proper in this case because the Plaintiff-Intervenors seek to become a party to this case within two and one-half weeks of its original filing. Thus, Plaintiff-Intervenors have not wasted any time to ensure that they can be full participants in these proceedings. Further, the underlying lawsuit has just been initiated and the Defendant has not yet answered the complaint. No unfairness or prejudice would exist to any of the parties involved in this matter by permitting the

proposed Plaintiff-Intervenors to participate in this action since this case is at the beginning stages of litigation. Finally, no unusual circumstances exist that would justify denying the proposed Plaintiff-Intervenors' participation in this case.[2]

### D. Proposed Plaintiff-Intervenor David May "Piggyback" on the EEOC Charges Filed by Vijayan and Kadakkarappally.

On or around April 12, 2007, Proposed Plaintiff-Intervenors Vijayan and Kadakkarappally filed with the EEOC Charges of Discrimination on behalf of themselves and others similarly situated. They therefore met the procedural requisites for bringing suit under Title VII. See 42 U.S.C. § 2000e, et seq.. Plaintiff-Intervenor David has not filed Charges of Discrimination. The U.S. Court of Appeals for the Fifth Circuit, however, allows an aggrieved similarly situated worker who had not filed a Charge of Discrimination to "piggyback" on the original charge under the "single filing rule" if the following circumstances exist:

> First, the plaintiff must be similarly situated to the person who actually filed the EEOC charge. Second, the charge must have provided some notice of the collective or class-wide nature of the charge. Finally, a prerequisite - implicit to be sure - for piggybacking under the single filing rule is the requirement that the individual who filed the EEOC charge must actually file a suit that the piggybacking plaintiff may join.

Bettcher v. The Brown Schools, Inc., 262 F.3d 492, 493-94 (5th Cir. 2001).

Though Proposed Plaintiff-Intervenor David did not file Charges of Discrimination, he has met the requirements of the single filing rule. Though Signal employed and housed him at Signal's Orange, Texas facility rather than the Pascagoula, Mississippi facility where Vijayan

---

[2] The sole unusual circumstance associated with the instant action is related currently pending litigation in the U.S. District Court for the Eastern District of Louisiana. David v. Signal Int'l, LLC, Case No. 08-1220. In that case, the parties are currently in the class certification briefing phase, having just concluded two and one-half years of class certification-related discovery. While the David litigation begs the question of whether consolidation with the instant action is necessary and feasible, the current Plaintiff (the EEOC) apparently will not seek consolidation. The proposed Plaintiff-Interveners must be permitted to join the EEOC's lawsuit to have standing to move for consolidation, if that is the path Plaintiff-Interveners seek to follow.

and Kadakkarappally worked and lived, the circumstances of his employment were not just similar, but nearly identical.  The proposed Complaint in Intervention in fact alleges the same bases for the Title VII claims for the Mississippi and the Texas Plaintiffs.  Only the retaliation claim is unique to Vijayan and Kadakkarappally.  Further, the original charges were expressly brought on behalf of other similarly situated workers.  See Vijayan and Kadakkarappally EEOC Cause Determinations (attached to original Motion as Ex. A).   Finally, Vijayan and Kadakkarappally will be Plaintiffs in this lawsuit if this Motion to Intervene is granted.  Therefore, the last prong of the Bettcher analysis – the actual filing of a suit in which the piggybacking plaintiffs may join – is met.

For these reasons, the piggybacking proposed Plaintiff-Intervenor David should be permitted to intervene in the instant action even though he did not file an EEOC Charge of Discrimination.

### E. Conclusion

For the foregoing reasons, Plaintiff-Intervenors respectfully request that the Court grant their Motion to Intervene and that they be permitted to file the attached Complaint in Intervention.

Respectfully submitted this 6th day of May, 2011,

*/s/ Sheila A. Bedi*
Sheila A. Bedi (Resident Attorney)
Mississippi Bar No. 101652
Sheila.bedi@splcenter.org
Shakti Belway
Mississippi Bar No. 102095
Shakti.belway@splcenter.org
Southern Poverty Law Center
4431 Canal Street
New Orleans, Louisiana 70119
Telephone: (504)486-8982
Facsimile: (504)486-8947

Daniel Werner (*pro hac vice forthcoming*)
(Lead Counsel)
Georgia Bar No. 3969839
Daniel.werner@splcenter.org
Naomi Tsu (*pro hac vice forthcoming*)
Georgia Bar No. 507612
Naomi.tsu@splcenter.org
Thomas P. Fritzsche (*pro hac vice forthcoming*)
Georgia Bar No. 940482
Tom.Fritzsche@splcenter.org
Southern Poverty Law Center
233 Peachtree Street, Suite 2150
Atlanta, Georgia 30303
Telephone: (404) 521-6700
Facsimile: (404) 221-5857

Alan B. Howard (*pro hac vice forthcoming*)
New York Bar No. 2136661
ahoward@dl.com
Hugh Sandler (*pro hac vice forthcoming*)
New York Bar No. 4712584
hsandler@dl.com
Joseph R. Bjarnson (*pro hac vice forthcoming*)
New York Bar No. 4774055
jbjarnson@dl.com
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019
General: (212) 259-8000

Chandra S. Bhatnagar (*pro hac vice forthcoming*)
New York Bar No. 4136966
cbhatnagar@aclu.org
Human Rights Program
American Civil Liberties Union
125 Broad Street – 18th Floor
New York, New York 10004
Telephone: (212) 519-7840

Ivy Suriyopas (*pro hac vice forthcoming*)
New York Bar No. 4406385
isuriyopas@aaldef.org
Asian American Legal Defense
    and Education Fund
99 Hudson Street, 12th Floor
New York, New York 10013
Telephone: (212) 966-5932

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Steven Lee Murray
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION-Birmingham
Birmingham District Office
Ridge Park Place
1130 - 22nd St., South, Ste. 2000
Birmingham, AL 30205-2886
Email: steven.murray@eeoc.gov

Counsel for Plaintiff

I further certify that the attached has been deposited in a U.S. Mail receptacle for delivery by first class mail, properly addressed and with postage pre-paid to:

Signal International, LLC
c/o CT Corporations System
Registered Agent for Service
645 Lakeland East Dr., Suite 101
Flowood, MS 39232

Defendant

Respectfully submitted,

s/ Sheila A. Bedi
Sheila A. Bedi