# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | **CIVIL ACTION NUMBER:** |
| v. | ) | **1:11-cv-00179-LG-RHW** |
|  | ) | |
|  | ) | |
| SIGNAL INTERNATIONAL, LLC | ) | |
|  | ) | |
| Defendant. | ) | |

### EEOC's  MEMORANDUM IN SUPPORT OF MOTION TO STRIKE REPLY MEMORANDUM SUPPORTING MOTION FOR MORE DEFINITE STATEMENT AND TO ORDER DEFENDANT TO IMMEDIATELY RESPOND TO THE COMMISSION'S COMPLAINT

Plaintiff Equal Employment Opportunity Commission ("EEOC," the "Commission") submits this Memorandum in support of its Motion to Strike Reply Memorandum Supporting Motion for More Definite Statement and to Order the Defendant to Immediately Respond to the Commission's Complaint.

For the reasons that follow, Plaintiff has moved the Court to strike the

following portions of Defendant Signal International, L.L.C.'s Reply Memorandum Supporting Motion for More Definite Statement (Doc. 30):

1)      Defendant's request that the Court, *sua sponte,* partially dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and all references and arguments in support of Defendant's request; and

2)      All references and arguments relating to Rule 1 of the Federal Rules of Civil Procedure in support of Defendant's Rule 12(e) request and its Rule 12(b)(6) request.

## BACKGROUND

On April 20, 2011, Plaintiff filed its complaint, consisting of 63 numbered paragraphs and 20 pages.  The Complaint alleges that Defendant violated Title VII by: 1) subjecting a class of Indian nationals to a hostile work environment based on national origin and/or race; 2) subjecting these same Indian nationals to unequal terms and conditions of employment; and 3) retaliating against Vijayan and Kadakkarappally because they opposed Defendant's conduct. (Doc. 1).

On the day its answer was due, 60 days after it received notice of the

Complaint, Defendant filed its Motion for More Definite Statement under Rule 12(e) (Doc. 24) and a memorandum in support thereof (Doc. 24-1).[1] Defendant did not allege the EEOC failed to state a claim or that the facts, as alleged, are not sufficiently specific.  Instead, defendant sought an order that the EEOC provide a more definite statement, claiming that it needed a more definite statement "**because the ambiguity of the Complaint as to the presence of a disparate impact claims prejudices Signal's ability to reasonably answer**." (Doc. 24-1, p. 1).

The Commission filed its Opposition (Doc. 28), supported by authorities mandating the conclusion that Defendant's motion for more definite statement is without merit. The Commission lodged four defenses to the motion:

1)        That motions for a more definite statement are disfavored and are denied if the pleading meets the notice requirements of Rule 8. (Doc. 28, p. 3-5). The Commission cited numerous cases for the proposition that a plaintiff is not

---

1 Three days later, Defendant filed a motion to stay or transfer the case to the United States District Court for the Eastern District of Louisiana where an earlier action against Signal was filed more than 3 years ago. (Doc. 26).

obligated to set forth in detail his legal theories in his complaint, and a motion for definite statement attempting to require plaintiff to do so is improper. (*Id*.).

2)      Defendant's motion is self-defeating, in that Defendant's own motion showed it was not confused by the Commission's Complaint. (Doc. 28, p. 5-6).

3)      Defendant is not seriously prejudiced in its ability to answer the Complaint, in that it can set forth defenses to disparate treatment and disparate impact claims in its answer either alternatively, or hypothetically, as contemplated by Rule 8(d)(2). (Doc. 28, p. 7-8).

4)      Defendant's decision to move for a more definite statement is an attempt to unduly delay the litigation.

The Defendant then filed its Reply Memorandum (Doc. 30). The Reply Memorandum contains a single argument which may be appropriate for a reply brief. This argument is contained at Section II, page 3-4 ("Issue is Joined") and essentially is a restatement of Defendant's original argument. According to Defendant, "…Rule 12(e) applies in this case because [the

Commission's Complaint] is ambiguous to a degree that **prejudices Signal's ability to frame an intelligent and logical response**." (Doc. 30, p. 3). This argument consumes approximately one page of Defendant's eighteen (18) page motion.

The Defendant also argues that the Court should *sua sponte* dismiss part of the Commission's complaint for failure to state a claim upon which relief can be granted. Defendant's Fed R. Civ. P. 12(b)(6) request, and all related statements and references, are being raised for the first time in the Reply brief, and are inextricably combined and contained in Section I of the Reply brief, pages 1-3, and Section III of the Reply brief, pages 4-17. Because this is a new argument, the argument, and all related statements and references, should be stricken. [2]

---

2 The Defendant's request for a *sua sponte* ruling is an improper tactical attempt to deprive the Commission of an opportunity to respond to the Defendant's new argument, and to secure a quick decision on Defendant's contention that the Commission does not have a disparate impact claim. Defendant's motions record in this case, in addition to its own admissions (see discussion below), suggest that Defendant is seeking a quick determination on the disparate impact issue in order to influence the Court's decision on Defendant's pending request to stay and transfer the litigation. Otherwise, the Defendant could file a proper Fed. R. Civ. P. 12(b)(6) that would progress on a standard motions track. Notably, a court should refrain from acting *sua sponte* where a party has had no notice of the issue and no reasonable opportunity to present briefing and argument in opposition to the court's action. *See Fisher v. State of Texas*, 169 F.3d 295, 302 (5th Cir. 1999)(Fifth Circuit declined to act *sua sponte* where party had no notice of the issue and no reasonable opportunity to present briefing and argument on the issue). A district court may not dismiss an action *sua sponte* under Rule 12(b)(6) without giving the adverse party "both notice of the court's intention and an opportunity to respond" before *sua sponte* dismissal. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 n.5 (5th Cir. 1998).

Defendant also argues for the first time that Fed. R. Civ. P. 1 warrants the grant of its Fed. R. Civ. P 12(b)(6) motion, and its Fed. R. Civ. P. 12(e) motion (Doc. 30).  Because these are new arguments, they, and all related references and statements, also should be stricken.

## ARGUMENT

It is the function and purpose of a "Reply Memorandum" to reply or respond to the opposing party's arguments. *Stuckey v. Mississippi Transportation Commission,* 2009 WL 230032 at *2 (S.D. Miss. January 29, 2009) ("The purpose of a reply brief… is to rebut the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion."); *Weems v. Hodnett,* 2011 WL 2731263 (W.D. La. July 13, 2011)("The scope of the reply should be limited to addressing the arguments raised by the memorandum in opposition.").A party is not permitted to raise new arguments in a reply brief. *Cavazos v. JP Morgan Chase Bank National Association,* 388 Fed. Appx. 398, 2010 WL 2930858 *1 (5th Cir. July 22, 2010); *United States v. Jackson,* 426F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief… are waived."). Allowing a party to raise new arguments in a reply brief would

deny the opposing party the opportunity to respond to the arguments, causing it undue and irreparable prejudice. *See Stuckey v. Mississippi Transportation Commission, supra,* at *2 (noting that "[i]n the interests of fairness, Defendant should not be allowed to raise new grounds for the first time in its rebuttal to which the Plaintiff will not have the opportunity to provide an adequate response.").

<u>Defendant's New Arguments in Reply Memorandum</u>

Defendant asserts "new" arguments in its Reply Brief, all of which should be stricken, based on the governing principles discussed herein. Those arguments, include, but are not limited to, the following:

(1)    Plaintiff's Complaint should be partially dismissed *sua sponte* for failure to state a claim upon which relief can be granted. [Def. Reply, p. 1].

(2)    Defendant's counsel is exercising an alleged duty to highlight the Court's relevant, inherent authority to administer Rule 12(b)(6) in a way that will further Rule 1's objectives. [Def. Reply, p. 2].

(3)    Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6). [Def. Reply, (Defendant makes such direct and implied assertions

throughout the Defendant's Reply)].

(4)   Rule 12(b)(6) promotes efficiency as well as fairness. [Def. Reply, p. 2].

(5)   Rule 1 supports Defendant's request for partial or complete dismissal of Plaintiff's Complaint, and the dismissal supports Defendant's request to stay and transfer the case [Def. Reply, p. 3].

(6)   The EEOC misapprehends the significance of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949; 173 L.Ed. 2d 868 (2009); in Defendant alleging that *Twombly* and *Iqbal* are both applicable to Defendant's Motion in issue, as well as supporting dismissal of Plaintiff's Complaint, based on an analysis of Rule 8(a)(2), alleging a lack of sufficiency of pleading by Plaintiff EEOC. [Def. Brief, p. 4, and continuing throughout Def. Reply].

(7)   Signal never conceded the existence of a valid disparate impact claim. [Def. Reply, p. 8-18, and continuing throughout the brief].

(8)   Plaintiff fails to assert a disparate impact claim pursuant to Rule 12(b)(6). [Def. Reply, p. 11].

(9)   The Commission filed an ambiguous complaint [Def. Reply, p.

13]. [3]

(10)  Plaintiff has no right to force Signal to raise unwarranted defenses to remedy ambiguity of its Complaint. [Def. Reply, p. 15]. [4]

(11)  The remedy for Commission's alleged coyness is granting Defendant's motion or partially dismissing the Complaint under Rule 12(b)(6) *ex proprio motu*. [Def. Reply, p. 16].

(12)  The Defendant's 12(e) motion should be granted because Rule 1 requires efficiency and efficiency is served if, through the Defendant's 12(e) motion and now its 12(b)(6), the Defendant can effect (or bring about) the stay and transfer of the litigation – which Defendant also contends is efficient. [Def. Reply, p. 17-18]. [5]

Defendant's Reply blatantly ignores the established principle that "new" matters cannot be raised in a Reply. Defendant's new matters are inextricably linked and taint its entire Reply. Defendant should not benefit from its disregard of established principles of civil jurisprudence.

---

3 While it would appear from this heading that the argument is proper reply, in fact, the substance of the argument is new.
4 Again, Defendant's heading is misleading; the substance of this argument is not proper reply, but a new argument.
5 Though the Defendant pretends to respond at p. 17-18 to the Commission's claim that it is being dilatory, the Defendant, in fact, is proffering a new explanation of why its Fed. R. Civ. P. 12(e) motion should be granted.

For the aforementioned reasons, the Commission respectfully requests this Court to strike all but Section II, page 3-4 ("Issue is Joined") of the Reply brief including, but not limited to, the following:

1)      Defendant's request that the Court, *sua sponte,* partially dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and all references and arguments in support of Defendant's request; and

2)      All references and arguments relating to Rule 1 of the Federal Rules of Civil Procedure in support of Defendant's Rule 12(e) request and its Rule 12(b)(6) request.

Finally, the Commission incorporates by reference Signal's separate, first-filed memorandum [Doc 27] and the Commission's opposition brief (Doc. 29) in support of its renewed request that the Court order the Defendant to answer the Complaint.  Those filings disclose that Defendant **believes** its stay and transfer request rests substantially on the Commission not having a disparate impact claim.

Doc 27 and Doc 29 combine with the 12(e) record (including

Defendant's admission that its needs a more definite statement to support its request for a stay and transfer) to disclose that the Defendant did not move for a definite statement because the Commission's filing was ambiguous, because Defendant was unable to discern whether the Complaint contained a disparate impact claim, or because Defendant was too confused to answer the Complaint.   Instead, Defendant's request for a more definite statement, and a *sua sponte* 12(b)(6) ruling, primarily6 is to influence the Court's decision on its stay and transfer motion by obtaining an admission or ruling that no disparate impact claim exists. The Commission is not required to disclose its legal theories in the Complaint, and the purpose for which Signal is seeking a more definite statement and a *sua sponte* dismissal is improper.

The Commission asks the Court to order the Defendant to immediately respond to the Commission's complaint.

RESPECTFULLY SUBMITTED
this 4th day of August, 2011

C. EMANUEL SMITH
Regional Attorney
MS State Bar No. 7473

---

6  Defendant's secondary interest is delay of the litigation.

/s/ Julie Bean
JULIE BEAN
Supervisory Trial Attorney
DC Bar No. 433292

CHARLES E. GUERRIER
Senior Trial Attorney
OHIO Bar No. 0023546

STEVEN L. MURRAY
Trial Attorney
DC Bar No. 379955

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL  35205-2886
Tel: (205) 212-2044
Fax: (205) 212-2041

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2011, a copy of the foregoing document was served via Notice of Electronic Filing upon all other parties who have appeared I electronically filed the foregoing document through the court's electronic filing system which will notify all attorneys of record.

/s/ Julie Bean
JULIE BEAN
EEOC Supervisory Trial Attorney

12