# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **EQUAL EMPLOYMENT** ) | |
| **OPPORTUNITY COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v. ) | **1:11-cv-00179-LG-RHW** |
| ) | |
| ) | |
| **SIGNAL INTERNATIONAL, LLC** ) | |
| ) | |
| **Defendant.** ) | |

## REPLY MEMORANDUM OF EEOC IN SUPPORT OF MOTION TO STRIKE PORTIONS OF DOCUMENT 33 (DEFENDANT'S REPLY MEMORANDUM FURTHER SUPPORTING MOTION TO STAY AND TRANSFER)

I.   The Court Should Strike All References To 28 U.S.C. § 1292(b).

Defendant Signal has provided no explanation as to why it interjected into its reply memorandum the matter of certification of a yet-to-be made decision for immediate appeal pursuant to 28 U.S.C. § 1292(b) except to claim that "Section 1292(b) did not become appreciably pertinent to this action until the Commission filed its opposition brief."  Doc. 36, p. 2. Because the Commission never mentioned § 1292 or the issue of appeal in its memorandum in response to Defendant's motion to stay and transfer, the

issue of appealability could only have become "pertinent" to Defendant if it concluded that the legal basis for its "First-Filed" argument was so weak that it faced the likelihood of losing on its motion. Regardless, as the Court has not yet ruled on Defendant's motion, the issue of certification under § 1292 is premature and should be stricken from Defendant's Reply Memorandum (Doc. 33) without prejudice to Defendant's ability to raise the issue at a later time pursuant to an appropriately filed motion. Rule 7(b)(1), Fed. R. Civ. Proc.

II.  The *Truvillion* Arguments Were Never Raised In Defendant's Initial Memorandum And Should Be Stricken From Defendant's Reply.

Defendant claims that it had the right to "elaborate" on *Truvillion* in its reply memorandum because it had "discussed" *Truvillion* in its original brief. Doc. 38, p. 5. Defendant claims that its reply memorandum merely "reiterated Signal's initial discussion of **Truvillion**" and then elaborated on its test and certain other attributes of that case. *Id*. This claim is simply erroneous.

First, Defendant affirmatively states in its Reply Memorandum (Doc. 33, p. 1) that *Truvillion* was not discussed in its initial memorandum ("because a Fifth Circuit case, not discussed in Doc. 29 . . ..").  Indeed,

Defendant concedes that *Truvillion* is only mentioned in footnote 19 of that document. (Doc. 38, p. 5.)

Second, even when cited, *Truvillion* is not cited for the principles attributed to it in Defendant's reply memorandum. In its initial memorandum *Truvillion* appears as the last of a string of citations allegedly supporting the statement that "the fact-finding in which Judge Zainey engaged [in **David**] parallels the fact-finding this Court would likely undertake to inform its discretion with regard to injunctive relief." (Footnote omitted.) Doc. 27, p. 22. It is cited for the proposition that "the E.E.O.C. may not bring a second suit based on the transactions that were the subject of a prior suit by a private plaintiff, unless the E.E.O.C. seeks relief different from that sought by the individual." Doc. 27, p. 22 n. 19. Despite this narrow reference, Defendant now claims that *Truvillion* was cited with the intention of putting the Commission on notice that it was arguing that Congress dislikes duplicative civil rights litigation and that *Truvillion* provides the benchmark for weighing its "First-Filed" motion. Doc. 38, *passim*.

A party does not reserve the right to expand a reply memorandum merely by citing a case in a footnote. Arguments not properly presented in a

party's initial brief or raised for the first time in a reply brief are deemed waived. This includes arguments which are not fully developed in the opening memorandum but are relegated to a footnote. *Pincus v. Law Offices of Erskine & Fleisher*, 2010 WL 286790, *2 (S.D. Fla. 2010) (arguments which appeared only in a footnote were not properly raised so as to permit discussion in reply memorandum); *Rowley v. The City of New York*, 2005 WL 2429514, *6 (S.D.N.Y. 2005) (mere mention in a footnote does not amount to raising an argument and it would be unfair to penalize a plaintiff for failing to respond to an argument appearing in a footnote); *Bayer AG v. Schein Pharmaceutical, Inc.*, 129 F.Supp.2d 705, 716 (D.N.J. 2001) (a "passing reference" to an issue in an opening brief will not suffice to put a party on notice that the moving party is moving on that particular issue); *cf. SmithKline Beecham Corporation v. Apotex Corporation*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) (issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived) citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim . . .. Especially not when the brief presents a passel of other

arguments . . .. Judges are not like pigs, hunting for truffles buried in briefs.") A defendant is not allowed to embellish an argument in a reply brief when they fail to fully raise and address the issue in their initial brief. Such a practice unfairly impedes plaintiff's ability to respond and the Court's ability to consider fully developed arguments from both sides. *Pincus*, *2; *Hamilton v. Spraying Systems, Inc.*, 2004 WL 2191330, *4 (N.D. Ill. 2004). *See, also*, Abner J. Mikva, *Goodbye to Footnotes*, 56 U. Colo. L. Rev. 647, 648 (1985) ("If footnotes were a rational form of communication, Darwinian selection would have resulted in the eyes being set vertically rather than on an inefficient horizontal plane."); Bryan A. Garner, *The Winning Brief,* Tip 22: Put all your citations in footnotes, while saying in the text what authority you're relying on. But ban substantive footnotes. (Second Edition 2004).

Defendant's discussion of *Truvillion* and Congress' alleged dislike for duplicative civil rights litigation are new issues, raised for the first time in Defendant's reply brief. To the extent these arguments "added so much value to the briefs on the first-filed issue", that value was added at the expense of Plaintiff being denied a fair opportunity to address these new

arguments.

Defendant improperly raised new arguments in its reply brief.  Those arguments should be stricken from the record.

                                       RESPECTFULLY SUBMITTED,

                                       C. EMANUEL SMITH
                                       Regional Attorney
                                       MS State Bar No. 7473

                                       JULIE BEAN
                                       Supervisory Trial Attorney
                                       DC Bar No. 433292

                                       STEVEN L. MURRAY
                                       Trial Attorney
                                       DC Bar No. 379955

Date:  September 7, 2011           /s/ Charles E. Guerrier
                                       Charles E. Guerrier (Ohio 0023546)
                                       Senior Trial Attorney
                                       Equal Employment Opportunity
                                       Commission
                                       Birmingham District Office
                                       Ridge Park Place, Suite 2000
                                       1130 22nd Street South
                                       Birmingham, AL  35205-2886
                                       e-mail: charles.guerrier@eeoc.gov
                                       Tel: (205) 212-2044
                                       Fax: (205) 212-2041

## **CERTIFICATE OF SERVICE**

     I hereby certify that on September 7, 2011, a copy of the foregoing document was served via Notice of Electronic Filing upon all other parties who have appeared.

                                        s/ Charles E. Guerrier